UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-81707

HENRY BEAUZIER,

    Plaintiff,

v.

RAS LAVRAR, LLC,

    Defendants
_____/

# COMPLAINT
# JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"),

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3.    Plaintiff, HENRY BEAUZIER ("BEAUZIER"), is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4.    Defendant, RAS LAVRAR, LLC ("RAS"), is a corporation organized under the laws of the State of Florida. Its principal place of business is at 1133 S. University Dr., 2nd Floor, Plantation, FL 33324.

5. RAS is registered with the Florida Department of State Division of Corporations as a limited liability company. Its registered agent for service of process is David J. Schneid, 6409 Congress Ave., Suite 100, Boca Raton, Florida 33487.

6. RAS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. RAS regularly collect or attempt to collect debts for other parties.

8. RAS has filed more than 100 lawsuits on behalf of Citibank in Palm Beach County, Florida.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt for a consumer loan.

11. The debt was for a personal, household, or family purpose.

12. On or about December 9, 2019, RAS filed a state court action in the small claims division of Palm Beach County against Beauzier for an alleged Citibank ("Citi") debt.

13. Beauzier filed a pro se Motion to Dismiss on January 21, 2020.

14. On May 28, 2020, the state court entered an order denying Beauzier's Motion to Dismiss and giving him thirty (30) days to file an answer.[1] A copy of the Order on Defendant's Motion to Dismiss is attached as Exhibit "A."

15. The thirtieth day fell on June 27, 2020, a Saturday. Pursuant to Fla. R. Civ. P. 1.090 and Fla. R. Jud. Admin. 2.514(a)(1)(C), the deadline for Beauzier to file an answer was extended to June 29, 2020.

---

[1] The state court case proceeded under the Florida Small Claims Rules which do not require that a defendant in a small claims case file a responsive pleading unless the Rules of Civil Procedure are invoked. They were not invoked in the state court case.

16. The state court, on June 29, 2020, at 9:10 am, entered an Order of Default giving the state court plaintiff until July 29, 2020, to submit a proposed final judgment. A copy of the Order of Default is attached as Exhibit "B."

17. On July, 21, 2020, Jeralyn Adelman, Esq. ("Adelman") contacted Flynn Lavrar, Esq. ("Lavrar") of RAS via email inquiring whether Citibank would be amenable to an agreed order vacating the default as it was prematurely entered. The email was also sent to RAS's service email. Lavrar, on July 22, 2020, responded with a one-word response: "Agreed." A copy of Adelman's email and Lavrar's response is attached as Exhibit "C."

18. Thirty (30) minutes after sending the email to Lavrar, Adelman forwarded the email previously sent to Lavrar to Andres Montero, Esq. ("Montero"). Montero responded on the evening of June 21, 2020, that Beauzer should file a motion with the state court. Montero, in contrast to Fla. R. Civ. P. 1.090 and Fla. R. Jud. Admin. 2.514(a)(1)(C), stated that the deadline to respond fell on June 28, 2020, a Sunday.[2] A copy of the email exchange between Adelman and Montero is attached as Exhibit "D."

19. Although Flynn Lavrar Esq. of RAS Lavrar agreed to join Beauzer in moving to vacate the improperly entered default, on July 23, 2020, RAS, on behalf of Citibank, filed a default final judgment packet.

20. The default final judgment packet included a Certification of Costs, which listed the total costs allegedly expended by Citibank as $370.85. The breakdown of the costs actually total $320.85. A copy of the Certification of Costs is attached as Exhibit "E."

---

[2] Thirty (30) days from May 28, 2020, is June 27, 2020.

21. Defendant's actions caused Plaintiff to incur additional attorney's fees because Beauzer was required to file a Motion to Vacate Default. A copy of the Motion to Vacate Default is attached as Exhibit "F."

22. Defendant was aware that the state court prematurely entered the default.

23. Even after agreeing to vacate the improperly entered default, Defendant moved for the entry of a default final judgment.

## COUNT I
## ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF 15 U.S.C §1692e(2)(a)

24. Plaintiff incorporates Paragraphs 1 through 23.

25. Defendant attempted to obtain a default final judgment to which it was not entitled in violation of 15 U.S.C. §1692e(2)(a).

26. Defendant made the representation in violation of 15 U.S.C. §1692e and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II – FALSE STATEMENT TO A TRIBUNAL

27. Plaintiff incorporates Paragraphs 1 through 20.

28. Defendant falsely stated in its Certification of Costs that the total costs expended by Citibank in the state court action was $370.85. The Certification itself contradicts that amount. The total amount was inflated by $50.00. *See* Exhibit "E."

29. Defendant made the representation in violation of 15 U.S.C. §1692e and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory and actual damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> Debt Shield Law
> Attorney for Plaintiff
> 3440 Hollywood Blvd., Suite 415
> Hollywood, FL 33021
> Tel: 754-800-5299
> Fax: 305-503-9457
> legal@debtshieldlawyer.com
> joel@debtshieldlawyer.com
>
> */s/ Joel D. Lucoff*
> Joel D. Lucoff
> Fla. Bar No. 192163